# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

**KIRAN KUMAR CHANDRA SHEKAR**, on behalf of himself and all others similarly situated,

*Plaintiff*,

vs.

**ACCURATE BACKGROUND, INC.**,

*Defendant*.

No. 2:17-cv-00585-LA

**FINAL APPROVAL ORDER**

This matter having come before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement with Defendant AppFolio, Inc.; the Court having considered all papers filed and arguments made with respect to the Settlement, the Court finds that:

1. The class defined in the Settlement Agreement[1] (the "Settlement Class") is coextensive with the class certified by the Court on July 24, 2020, *see* ECF 63, and thus satisfies the requirements of Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3), namely that the Settlement Class is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representative are typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Settlement Class, common questions of law and fact predominate over any questions affecting only individual Settlement Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

---

[1] Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Settlement Agreement, ECF 72-1 at 2-5.

2. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Order Directing Notice. ECF 73. Such Notice has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies Rule 23(e) and due process.

3. Defendant has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials and finds that the notification complies fully with the applicable requirements of CAFA.

4. The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties and is supported by the Class Representative.

5. The Class Representative and Class Counsel, Francis Mailman Soumilas, P.C. and SmithMarco, PC have adequately represented the Settlement Class.

6. The relief provided for the Settlement Classes is adequate, taking into account the costs, risks, and delay of trial and appear; the effectiveness of the proposed method of providing Class Member Payments, and the terms of the proposed award of attorneys' fees and costs, including timing of payment.

7. The proposed settlement treats Settlement Class Members equally.

8. No person has requested exclusion from the Settlement Class in accordance with the provisions of the Order Directing Notice.

9. The parties and each Settlement Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

10. It is in the best interests of the parties and Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Person which in any way relates to the applicability or scope of the Settlement Agreement or the Final Approval Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

11. This action is a class action against Defendant on behalf of the Settlement Class:

> During the period beginning April 25, 2015 and continuing to November 15, 2018, all natural persons residing in the United States and its Territories: (i) about whom Defendant furnished a consumer report for employment purposes, (ii) whose report contained one or more items of criminal record information, (iii) to whom Defendant did not send any notice under FCRA section 1681k(a)(1) at the time it furnished the report, (iv) who disputed the description of the charge level of the criminal record included on the report, and (v) whose disputes resulted in a correction to the description of the charge level.

12. The plaintiff's motion for final settlement approval (ECF No. 77) is **GRANTED**. The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests of the Classes and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

13. Judgment on the merits shall be entered in accordance with this order, without costs.

14. As agreed by the parties, upon the Effective Date, Defendant and the Released Parties shall be released from the Released Claims in accordance with the terms of the Settlement Agreement.

15. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Classes for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Class members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

16. Upon consideration of Class Counsel's application for fees and reimbursement of expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

17. Upon consideration of the application for an individual settlement and service award, the Class Representative, Kiran Kumar Chandra Shekar, is awarded the sum of Thirty Thousand Dollars ($30,000.00) in consideration of his individual claims against the Defendant and for the valuable service he has performed for and on behalf of the Settlement Class.

BY THE COURT:

s/Lynn Adelman
HON. LYNN ADELMAN
United States District Judge

Dated: 5/28/21